```
1  DILLINGHAM & MURPHY, LLP
   JACK C. HENNING, ESQ. (SBN 139659)
2  CYNTHIA C. CHEUNG, ESQ. (SBN 320767)
   BERNICE K. WU, ESQ. (SBN 329661)
3  155 Sansome Street, Suite 700
   San Francisco, California 94104
4  Telephone:    (415) 397-2700
   Facsimile:    (415) 397-3300
5  jch@dillinghammurphy.com
   ccc@dillinghammurphy.com
6  bkw@dillinghammurphy.com

7  Attorneys for Defendant
   Carwave, LLC
8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HAWTHORNE AUTO MARKET, INC, dba HAWTHORNE MOTORS EXPRESS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARWAVE, LLC, a Delaware limited liability company; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY); DEMAND FOR JURY TRIAL |
|---|---|

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Carwave, LLC (hereinafter "Defendant"), by and through his counsel, hereby removes the above-named action from the Superior Court of the State of California for the County of Los Angeles for the reasons described below:

1. Plaintiff Hawthorne Auto Market, Inc, dba Hawthorne Motors Express (hereinafter "Plaintiff") filed its Complaint in Los Angeles Superior Court on or about February 23, 2022, naming Carwave, LLC as the only defendant. (See Declaration of Jack C. Henning in support of Notice of Removal, "Henning Decl." at ¶ 2, Exhibit A).

///

2. In its Complaint, Plaintiff alleges it purchased two used cars, a Mercedes Benz and a Jaguar. Shortly after receiving the vehicles, Plaintiff allegedly discovered the Mercedes-Benz had frame damage and the Jaguar had a timing chain issue, an oil leak and a water leak. Plaintiff demanded the cost of repair or a refund of the purchase price. (Henning Decl. ¶ 3-4).

3. Plaintiff alleges negligence, fraud, breach of the implied warranty of merchantability and violations of the California Business and Professions Code section 17200. (Henning Decl. ¶ 5).

4. The prayer of Plaintiff's Complaint seeks (1) compensatory damages, (2) general damages, (3) punitive and exemplary damages according to proof, (4) reasonable attorney's fees, and (5) costs of suit. The amount alleged is over $100,000. (Henning Decl. ¶ 6).

5. Defendant was served with the Summons and Complaint on February 25, 2022. (Henning Decl. ¶ 10).

**JURISDICTION**

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This case may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a case that could have been commenced in federal court based on diversity of citizenship. The Plaintiff's state of citizenship (California) when the action was filed and at the time of removal is different than the state of citizenship (Delaware and Indiana) of Defendant when the action was filed and at the time of removal, and the amount in controversy exceeds $75,000.

7. Plaintiff alleges it is a California corporation with its principal place of business in Los Angeles, California. (Henning Decl. ¶ 7). Plaintiff has clearly established domicile in California.

8. At the time of the commencement of this action and at all times since, Defendant, Carwave, LLC was and is a limited liability company. (Henning Decl. ¶ 8). Its sole member is ADESA, Inc. (*Id.*) A limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d

894, 899 (9th Cir. 2006).

9. As set forth in paragraph 8 above, at the time of the commencement of this action and at all times since, sole member ADESA, Inc., was and is a Delaware corporation with its principal place of business in the State of Indiana. (Henning Decl. ¶ 9).

10. The amount in controversy exceeds the requisite $75,000 limit. (See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) [The amount in controversy must be proven by a preponderance of the evidence. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."]). Based on the allegations in the Complaint, Defendant's good faith estimate of the amount in controversy in this case, based on other, similar claims, is in excess of $75,000, exclusive of interest and costs. In this case, Plaintiff's Complaint contains five counts, each of which seek damages "in an amount according to proof at trial, but in no event less than $100,000." (Henning Decl. ¶ 6).

## INTRADISTRICT ASSIGNMENT

11. The state court action was filed in the County of Los Angeles, which serves as the basis for assignment to the United States District Court, Central District of California. Based on the Local Rule 83-1 and General Order 21-01, case assignment is proper in the Western Division.

## CONSENT TO REMOVAL

12. No consent to removal is necessary. The only person or entity specifically named in Plaintiff's Complaint is Defendant. The other defendants are Doe Defendants. Citizenship of defendants sued under fictitious names are disregarded. 28 U.S.C. § 1441(b)(1).

## NOTICE TO PLAINTIFF AND STATE COURT

13. Immediately following the filing of this Notice of Removal, written notice of this filing will be served on the Plaintiff and will be filed with the Clerk of the Superior Court for the County of Los Angeles, in accordance with 28 U.S.C. § 1446(d). (Henning Decl. ¶ 12).

## DEMAND FOR JURY TRIAL

14. Defendant demands a jury trial.

WHEREFORE, the undersigned requests that, pursuant to 28 U.S.C. § 1441, *et seq*, the action described be removed in its entirety to this Court for all further proceedings.

DATED: March 28, 2022

JACK C. HENNING, ESQ
CYNTHIA C. CHEUNG, ESQ.
BERNICE K. WU, ESQ.

By: *Jack C. Henning*
Attorneys for Defendant Carwave, LLC