# EXHIBIT A

22STCV06658

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Jon Takasugi

Electronically FILED by Superior Court of California, County of Los Angeles on 02/23/2022 03:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

THE LAW OFFICES OF JAY SMITH
Jay Smith, Esq. (150113)
22136 Sonoma Place
Chatsworth, California 91311
818-709-4117
213-402-7798 fax

Attorneys for Hawthorne Auto Market, Inc.
dba Hawthorne Motors Express

LOS ANGELES SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| HAWTHORNE AUTO MARKET, INC. dba HAWTHORNE MOTORS EXPRESS, a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>CARWAVE, LLC, a Delaware limited liability company; DOES 1-25, inclusive,<br><br>          Defendants. | Case No.:   22STCV06658<br><br>COMPLAINT<br><br>1. Negligence<br>2. Fraud<br>3. Negligent Misrepresentation<br>4. Breach of the Implied Warranty of Merchantability<br>5. Violation of California Business and Professions Code section 17200 |

Complaint - 1

Plaintiff, Hawthorne Auto Market, Inc., dba Hawthorne Motors Express (Hawthorne) complains and alleges against Defendants, and each of them, as follows:

### JURISDICTION

1.     At all times relevant hereto, Plaintiff, Hawthorne, was a California corporation with its principal place of business in the County of Los Angeles, State of California.

2.     At all times relevant hereto, Defendant, Carwave, LLC, was a Delaware limited liability company with its headquarters and principal offices in the County of Los Angeles, State of California.

3.     Hawthorne is without sufficient information at this time to specifically identify those persons named fictitiously herein as Does 1-25 and reserves the right to amend this Complaint to specifically identify those persons once their identities become known.

4.     Hawthorne is informed and believes and thereon alleges that at all times relevant hereto, the Defendants, and each of them, were the agents, employees, servants, partners or joint venturers of one another and the acts and omissions which form the basis of this Complaint were committed or omitted in the course and scope of said agency, employment, servitude, partnership or joint venture.

### GENERAL ALLEGATIONS

5.     Hawthorne is a used car dealership in Hawthorne, California, licensed to sell used cars by the State of California.

6.     Defendant, Carwave, LLC (Carwave) runs an automobile auction from which used car dealers in the Southern California area used car dealers can purchase used cars from the auction.

7.     On or about January 13, 2022, Hawthorne purchased a 2016 Mercedes-Benz SLK VIN WDDPK3JA7GF120179 (the MB) from Carwave for an auction price of $23,300.  On or about January 2, 2022, Hawthorne purchased from Carwave a Jaguar vehicle VIN SAJWA1GE7BMV19039 (the Jaguar).   Hawthorne also paid Carwave an additional $95 for each car for the auction warranty.

8.     Shortly after Hawthorne received the Jaguar, they found that there was a timing chain issue, a significant oil leak and a significant water leak in the Jaguar.   The total repair costs for the Jaguar for these issue would exceed $6,000.  When the Jaguar was sold to Hawthorne by Carwave, Carwave represented to Hawthorne that the Jaguar had no significant engine damage or repairs needed.

9.     Hawthorne demanded Carwave either take the Jaguar back from Hawthorne and refund the purchase price, or pay for the total repair costs for the Jaguar.

10.     Carwave sent Hawthorne a check in the amount of $2,169.00 which was insufficient to cover the repairs required for the Jaguar.

11.     Shortly after Hawthorne received the MB, Hawthorne learned that the MB had suffered undisclosed frame damage.   Hawthorne ran an Autocheck report on the MB after the vehicle was delivered which showed frame damage. Further, Hawthorne attempted to then sell the MB to Autonation, another used car auction house, and Autonation found that there was frame damage on the MB and refused to purchase it.

12.     When Hawthorne purchased the vehicle from Carwave, Carwave represented that there was no structural or frame damage on the MB.  That representation was false.

13.     Hawthorne demanded that Carwave take back the MB and refund Hawthorne the purchase price.  Carwave sent an inspector to the inspect the MB and that inspector claimed there was no structural or frame damage on the MB.  That statement was also false.

14.     Despite repeated attempts to either recover the two vehicles and refund Hawthorne its purchase money, or to pay fully for the repairs necessary for the Jaguar, Carwave failed and refused to take either of those actions.

## FIRST CAUSE OF ACTION

### (Negligence against all Defendants)

15.     Hawthorne realleges paragraphs one through 14 as though set forth fully herein and incorporates those paragraphs by reference.

16.    Defendants, and each of them, owed Hawthorne a duty to properly inspect the vehicles they sold to Hawthorne and to accurately and correctly represent to Hawthorne the condition of those vehicles at the time of sale of them to Hawthorne.

17.    Defendants, and each of them, breached that duty when they failed to properly inspect the vehicles for damage or repairs needed, breached that duty when the failed to accurately and correctly represent the condition of the vehicles to Hawthorne when Hawthorne purchased them, and breached that duty when they failed to honor their warranty paid for separately by Hawthorne at the time the vehicles were purchased from Carwave.

18.    As a direct and proximate result of the breaches of duty by the Defendants, and each of them, Hawthore has suffered compensatory and general damages, all in an amount according to proof at trial, but in no event less than $100,000.

## SECOND CAUSE OF ACTION

### (Fraud against all Defendants)

19.    Hawthorne realleges paragraphs one through 14 as though set forth fully herein and incorporates those paragraphs by reference.

20.    Carwave represented to Hawthorne that the MB it sold to Hawthorne was without significant structural damage and was merchantable by Hawthorne.  Carwave also represented to Hawthorne that the Jaguar it sold to Hawthorne did not have any

significant engine problems which would require significant repairs and was merchantable by Hawthorne.

21.     Carwave knew or reasonably should have known at the time of the sale of the two vehicles to the Hawthorne that the representations Carwave made about the vehicles were false.  Carwave intended Hawthorne to rely on the misrepresentations made by Carwave regarding the conditions of the vehicles to Hawthorne's detriment. Hawthorne did rely to its detriment on the misrepresentations made by Carwave regarding the conditions of the vehicles in that Hawthorne purchased the vehicles at full value even though the vehicles were unmerchantable and were in substantially worse condition than Carwave represented.

22.     As a direct and proximate result of the misrepresentations of Defendants, and each of them, Hawthorne suffered compensatory and general damages all in an amount according to proof at trial, but in no event less than $100,000.

23.     The actions taken by Carwave with regard to Hawthorne in the sale of the MB and the Jaguar were intended to injure Hawthorne.  As such, Carwave's actions were willful, malicious and oppressive and subject Defendants, and each of them, to exemplary and punitive damages all in an amount according to proof at trial.

///

///

///

Complaint - 6

## **THIRD CAUSE OF ACTION**

### **(Negligent Misrepresentation against all Defendants)**

24.     Hawthorne realleges paragraphs one through 14 and 20 though 23 as though set forth fully herein and incorporates those paragraphs by reference.

25.     Carwave represented to Hawthorne that the MB it sold to Hawthorne was without significant structural damage and was merchantable by Hawthorne.  Carwave also represented to Hawthorne that the Jaguar it sold to Hawthorne did not have any significant engine problems which would require significant repairs and was merchantable by Hawthorne.

26.     Carwave had no factual basis to rely on when it made these representations to Hawthorne to make Carwave believe those representations were true.  Carwave intended Hawthorne to rely on the misrepresentations made by Carwave regarding the conditions of the vehicles to Hawthorne's detriment. Hawthorne did rely to its detriment on the misrepresentations made by Carwave regarding the conditions of the vehicles in that Hawthorne purchased the vehicles at full value even though the vehicles were unmerchantable and were in substantially worse condition than Carwave represented.

27.     As a direct and proximate result of the misrepresentations of Defendants, and each of them, Hawthorne suffered compensatory and general damages all in an amount according to proof at trial, but in no event less than $100,000.

28.     The actions taken by Carwave with regard to Hawthorne in the sale of the MB and the Jaguar were intended to injure Hawthorne.  As such, Carwave's actions were willful, malicious and oppressive and subject Defendants, and each of them, to exemplary and punitive damages all in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION

**(Breach of the Implied Warranty of Merchantability against all Defendants)**

29.     Hawthorne realleges paragraphs one through 14 as though set forth fully herein and incorporates those paragraphs by reference.

30.     In any contract for the sale of goods, the seller warrants that the goods sold are merchantable and fit for the particular purpose for which they are sold.

31.     When Carwave sold both the MB and the Jaguar to Hawthorne, they knew or reasonably should have known that Hawthorne was purchasing the vehicles for resale to the public.

32.     The conditions of the vehicles when Carwave sold them to Hawthorne were such that the vehicles were not merchatable to the general public and were not fit for the particular purpose for which Carwave sold them to Hawthorne.

33.     As a direct and proximate result of the breach of the implied warranty of merchantability, Hawthorne has suffered compensatory and general damages all in an amount according to proof at trial but in no event less than $100,000.

Complaint - 8

## **FIFTH CAUSE OF ACTION**

**(Violation of California Business and Professions Code section 17200**

**against all Defendants)**

34.    Hawthorne realleges paragraphs one through 33 as though set forth fully herein and incorporates those paragraphs by reference.

35.    California Business and Professions Code section 17200 prohibits unlawful business dealings in the State of California.

36.    Carwave breached this statute when they sold vehicles to Hawthorne which were not merchantable or fit for their particular purpose when they were sold, made false representations regarding the conditions of both vehicles to Hawthorne with the intent that Hawthorne would rely on those misrepresentations to their detriment, failed to honor the separately paid for warranty from Carwave to Hawthorne and failed and refused to pay for the repairs necessary to make the Jaguar merchantable.

37.    As a direct and proximate result of the actions of Defendants, and each of them, Hawthorne suffered compensatory and general damages all in an amount according to proof at trial, but in no event less than $100,000.

38.    The actions taken by Carwave with regard to Hawthorne in the sale of the MB and the Jaguar were intended to injure Hawthorne.  As such, Carwave's actions were willful, malicious and oppressive and subject Defendants, and each of them, to exemplary and punitive damages all in an amount according to proof at trial.

WHEREFORE, Hawthorne prays for relief from this Court as follows:

ON THE FIRST CAUSE OF ACTION:

1.      For compensatory damages in an amount according to proof at trial.

2.      For general damages in an amount according to proof at trial.

ON THE SECOND CAUSE OF ACTION:

1.      For compensatory damages in an amount according to proof at trial.

2.      For general damages in an amount according to proof at trial.

3.      For punitive and exemplary damages in an amount according to proof at trial.

ON THE THIRD CAUSE OF ACTION:

1.      For compensatory damages in an amount according to proof at trial.

2.      For general damages in an amount according to proof at trial.

3.      For punitive and exemplary damages in an amount according to proof at trial.

ON THE FOURTH CAUSE OF ACTION:

1.      For compensatory damages in an amount according to proof at trial.

2.      For general damages in an amount according to proof at trial.

ON THE FIFTH CAUSE OF ACTION:

1.      For compensatory damages in an amount according to proof at trial.

2.      For general damages in an amount according to proof at trial.

3.      For punitive and exemplary damages in an amount according to proof at trial.

4.      For reasonable attorney's fees.

ON ALL CAUSES OF ACTION:

1.    For costs of suit incurred herein.

2.    For such other further relief as this Court finds appropriate.

      Dated this 22nd day of February, 2022.

                                    THE LAW OFFICES OF
                                    JAY SMITH

                                    Jay Smith, Esq., attorneys for

Complaint - 11